## Rozalie Mrazek, Appellee, v. Marie A. Tollar, Appellant.

### Gen. No. 23,810.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. ROBERT E. CROWE, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 29, 1918.

### Statement of the Case.

Action by Rozalie Mrazek, plaintiff, against Marie A. Tollar, defendant, to recover on promissory notes. Judgment by confession was entered against defendant, and defendant's motion to vacate was denied. From the judgment, defendant appeals.

JAMES E. WHITE, for appellant.

JONES & KERNER, for appellee; JAMES S. WIGHT, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1313*—*when presumed that court properly advanced cause for hearing.* Where, in an action on promissory notes, on defendant's motion to vacate a judgment by confession entered against him, leave is given to plead, the judgment being allowed to stand as security, and defendant files the plea of general issue and a special plea that the notes were given without consideration, and pursuant to the showing made by plaintiff's affidavit the case is placed on the short-cause calendar, but, on defendant's motion to strike because the cause was not at issue, leave is given plaintiff to file a replication instanter, the case is stricken from the short-cause calendar and advanced, over defendant's objection, to the head of the trial calendar and set for immediate hearing, the act of the trial court in so advancing the cause is not an abuse

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mrazek v. Tollar, 210 Ill. App. 384.

of discretion which, in the absence of a showing that defendant's rights were prejudiced,· constitutes reversible error, but, it will be presumed, in the absence of such a showing, that the court so acted for good and sufficient reason.

2.  BILLS AND NOTES, § 12*—*validity of note in plural form signed by only one person.* That notes which were intended to be signed by two persons were, in fact, signed by· but one does not render them invalid as incomplete, a note in plural form but signed by one person only being a valid obligation of the signer.

3.  BILLS AND NOTES, § 50*—*when notes are founded on good consideration.* Notes given in consideration of the release of a trust deed and of an equitable lien against the property are founded upon a good consideration.

4.  BILLS AND NOTES, § 327*—*what is not a defense in action to recover on notes given in consideration of release of mortgage.* In an action to recover on promissory notes given in consideration of the release of a mortgage on real estate, defendant cannot set up that her title to the premises was superseded by a paramount title and that she was evicted merely because a forcible detainer suit was instituted against her where, before the issue therein was determined, she satisfied the lien upon which the claim to possession was based.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCX 25